# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois- Eastern Division

| | | |
|---|---|---|
| TURLINGTON HOMES, INC., GLOBAL REAL ESTATE DEVELOPMENT, INC., DAVID HAISLIP, JOHN E. GROFF, and JEDIDIAH BROWN, *Plaintiffs,* | ) ) ) ) ) ) ) ) | Case No._____ |
| **-v-** | ) ) | **COMPLAINT AND JURY DEMAND** |
| RYAN R. SINWELSKI and KELLER WILLIAMS PREFERRED REALTY, *Defendants.* | ) ) ) ) ) | |

## CIVIL ACTION

*This civil action arises from the publication of knowingly false and malicious statements by Defendant Ryan R. Sinwelski, acting individually and in his capacity as a licensed Illinois real estate agent affiliated with Defendant Keller Williams Preferred Realty, concerning Plaintiffs' real estate development activities in Harvey, Illinois. Defendants' statements falsely accused Plaintiffs of criminal conduct, corruption, fraud, and unethical business practices, causing severe reputational, economic, and emotional harm to Plaintiffs and interfering with their ongoing community-development work and business relationships.*

Plaintiffs TURLINGTON HOMES, INC., GLOBAL REAL ESTATE DEVELOPMENT, INC., DAVID HAISLIP, JOHN E. GROFF, and JEDIDIAH BROWN, by and through their attorneys, LLG National Law Group, and by way of Complaint, bring this action for damages and other equitable relief against Defendants, RYAN R. SINWELSKI and KELLER WILLIAMS PREFERRED REALTY, alleging as follows:

## INTRODUCTION

1.     This is a civil action for defamation per se, false light invasion of privacy, and

1

tortious interference with prospective economic advantage arising from knowingly false and malicious statements published by Defendant Ryan R. Sinwelski, a licensed Illinois real estate agent affiliated with Defendant Keller Williams Preferred Realty, concerning Plaintiffs' real estate development activities in Harvey, Illinois.

2. On February 24, 2026, Defendant Sinwelski published a YouTube livestream in which he falsely accused Plaintiffs, business entities, and individuals associated with the Turlington Homes development project of criminal conduct, corruption, fraud, and unethical business practices. These statements were presented as factual assertions, made without evidence, and disseminated to viewers in Illinois and beyond.

3. Defendants' statements were made with actual malice, were widely circulated, and caused immediate and substantial harm to Plaintiffs' reputations, business relationships, and economic interests. Defendant Keller Williams Preferred Realty is liable for the conduct of its agent acting within the scope of his professional capacity and in violation of Illinois real estate professional-conduct standards.

4. Plaintiffs bring this action to recover damages for the severe reputational, economic, and emotional harm caused by Defendants' defamatory and tortious conduct, and to obtain all other relief to which they are entitled under Illinois law.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between all Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of Texas, Wyoming, and New Jersey, and Defendants are citizens of Illinois.

6. This Court has personal jurisdiction over Defendants because they reside in Illinois, conduct business in Illinois, and committed the tortious acts at issue within Illinois. Defendant

Sinwelski published and disseminated the defamatory statements from Illinois, directed them toward Illinois viewers, and made false assertions concerning an Illinois real estate development project. Defendant Keller Williams Preferred Realty maintains its principal office in Illinois and conducts business in this District.

7.      Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(1)–(2) because Defendants reside in this District and a substantial part of the events giving rise to the claims occurred here. The defamatory statements were created, published, and disseminated in this District; the Turlington Homes project is located in Harvey, Illinois; and Plaintiffs suffered reputational and economic harm in connection with their Illinois-based development activities.

**PARTIES**

8.      At all times relevant hereto, Plaintiff TURLINGTON HOMES, INC. is a corporation organized under the laws of Illinois with its principal place of business in Park Ridge, IL.

9.      At all times relevant hereto, Plaintiff GLOBAL REAL ESTATE DEVELOPMENT, INC. is a corporation organized under the laws of Wyoming with its principal place of business at 30 N. Gould Street, Suite R, Sheridan, WY, 82801.

10.     At all times relevant hereto, Plaintiff JOHN GROFF is, upon information and belief, an adult resident citizen of the County of Camden, State of New Jersey.

11.     At all times relevant hereto, Plaintiff DAVID HAISLIP is, upon information and belief, an adult resident citizen of the County of Camden, State of New Jersey.

12.     At all times relevant hereto, Plaintiff JEDIDIAH BROWN is, upon information and belief, an adult resident citizen of the County of Dallas, State of Texas.

13.     At all times relevant hereto, Defendant RYAN R. SINWELSKI is, upon information and belief, an adult resident of the State of Illinois, with an employment address for

3

service of process believed to be 16101 108th Ave, Floor 2, Orland Park, IL 60467.

14. At all times relevant hereto, Defendant KELLER WILLIAMS PREFERRED REALTY is an Illinois real estate brokerage with its principal office located at 16101 108th Ave, Floor 2, Orland Park, IL 60467.

15. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave from the court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

## FACTUAL BACKGROUND

17. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

18. Plaintiffs are developers, business entities, and individuals associated with the Turlington Homes residential development project located in Harvey, Illinois. Plaintiffs' business operations, reputations, and professional relationships depend heavily on public trust, investor confidence, and accurate information regarding the project.

19. Plaintiffs have longstanding reputations as legitimate developers and community stakeholders, and their professional success depends on maintaining credibility with investors, municipal partners, and the public.

20. The Turlington Homes project is a community-building residential redevelopment initiative undertaken in partnership with the City of Harvey, designed to revitalize distressed neighborhoods, attract new homeowners, and promote long-term economic stability. The project depends on public trust, municipal cooperation, investor confidence, and community support, making Plaintiffs' reputations central to its success.

21. On February 24, 2026, Defendant Ryan R. Sinwelski, a licensed Illinois real estate

4

agent operating a YouTube channel under the name *"Ryan's Gay Chicago,"* published a livestream titled *"Turlington Homes Scam 'breaks ground' in Harvey."* The livestream was publicly accessible and directed toward Illinois viewers, including individuals and entities with existing or prospective business relationships with Plaintiffs.

22. During the livestream, Defendant made a series of false, defamatory, and malicious factual assertions, including but not limited to:

   a. Calling the development a "scam," "fraud," and "kickback scheme."

   b. Claiming Plaintiffs were "crooks," "scammers," or otherwise engaged in criminal conduct.

   c. Accusing Plaintiffs of using "outside contractors to get kickbacks."

   d. Stating that the groundbreaking ceremony was illegitimate or staged for deceptive purposes.

   e. Claiming individuals present at the groundbreaking were "one of Jed's bullies," implying misconduct or intimidation.

   f. Repeatedly suggesting Plaintiffs were engaged in unethical, corrupt, or fraudulent business practices.

23. These statements were conveyed as statements of fact, not opinion, and were presented with the authority of a licensed real estate professional purporting to speak knowledgeably about Illinois real estate practices and development projects.

24. Defendant had no evidence to support any of the statements made during the livestream. The allegations were fabricated, speculative, or based on rumor, and were made without any attempt to verify their accuracy.

25. Each of the statements made by Defendant Sinwelski was objectively false and capable of being proven false. Plaintiffs have never engaged in criminal conduct, fraud, kickback

5

schemes, or any unethical business practices, nor have they used outside contractors for improper financial gain. The groundbreaking ceremony for the Turlington Homes project was legitimate, authorized, and conducted in coordination with municipal officials. Defendant's statements were not expressions of opinion or rhetorical hyperbole but were presented as verifiable factual assertions.

26.     Defendant acted with actual malice and/or reckless disregard for the truth, as evidenced by:

     a.  His failure to investigate the project or contact Plaintiffs;

     b.  His reliance on speculation and inflammatory rhetoric;

     c.  His intent to provoke public hostility and generate online engagement; and

     d.  His knowledge that the statements would foreseeably harm Plaintiffs' reputations and business interests.

27.     Defendant Sinwelski was aware that the Turlington Homes project was a publicly supported redevelopment effort and that his statements would undermine community confidence, deter investors, and disrupt Plaintiffs' municipal partnerships. His publication was calculated to generate controversy and reputational harm.

28.     Defendant's livestream was viewed by more than 200 individuals during its initial broadcast and has continued to circulate online, reaching viewers in Illinois and other states. The publication foreseeably caused reputational and economic harm in the jurisdictions where Plaintiffs conduct business.

29.     Defendants knew or should have known that their statements would cause substantial harm to Plaintiffs located in Michigan, where several Plaintiffs reside and conduct business, and where the reputational and economic injuries were directly felt.

30.     The livestream remains publicly accessible online, where it continues to generate

views and comments, causing ongoing and compounding reputational and economic harm to Plaintiffs.

31.     Defendant Keller Williams Preferred Realty is responsible for supervising the professional conduct of its licensed agents, including Defendant Sinwelski. At all relevant times, Defendant Sinwelski identified himself publicly as a Keller Williams agent, used his professional status to lend credibility to his statements, and acted within the scope of his agency relationship.

32.     Defendant Sinwelski repeatedly invoked his status as a licensed Illinois real estate agent to lend credibility to his statements, creating the false impression that his accusations were based on professional knowledge or industry insight. This misuse of professional authority substantially increased the perceived reliability and impact of the defamatory statements.

33.     Defendant Sinwelski's conduct violated Illinois real estate professional-conduct standards, including prohibitions on making false or misleading public statements about real estate developments, market conditions, or industry participants. His misuse of his professional license amplified the credibility, reach, and resulting harm of the defamatory statements.

34.     Keller Williams Preferred Realty had a duty to supervise its agents' public communications, particularly those involving real estate developments and market conditions. Its failure to prevent or correct Defendant Sinwelski's misconduct contributed to the scope and severity of the harm suffered by Plaintiffs.

35.     At all relevant times, Defendant Sinwelski acted within the scope of his agency with Keller Williams Preferred Realty by invoking his professional licensure, presenting himself as a real estate expert, and using his affiliation with the brokerage to lend credibility to his statements. His conduct was enabled by his position as a licensed agent, and the defamatory statements concerned matters directly related to real estate development and market conditions, falling squarely within the scope of activities Keller Williams Preferred Realty had a duty to

supervise.

36. Plaintiffs' business expectancies included ongoing negotiations with investors, contractors, municipal officials, and community organizations involved in the redevelopment effort. Several stakeholders expressed concern or hesitation following Defendants' publication, directly impacting Plaintiffs' ability to advance the Turlington Homes project.

37. Plaintiffs' business expectancies included specific, ongoing discussions with prospective investors, construction partners, and community-development organizations who had expressed interest in participating in or supporting the Turlington Homes project. These parties relied on Plaintiffs' professional reputations and the integrity of the project, and several of them delayed or suspended engagement with Plaintiffs following Defendants' publication of the defamatory statements.

38. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered significant reputational harm, emotional distress, loss of business opportunities, investor hesitation, and economic damages, including but not limited to diminished goodwill, disrupted relationships with community stakeholders, and financial losses tied to the Turlington Homes project.

39. Plaintiffs' damages include, but are not limited to, lost investor commitments, delays in project financing, increased costs associated with reputational repair, diminished goodwill with municipal partners, and lost opportunities for expansion of the Turlington Homes project.

40. The harm to Plaintiffs' business relationships and economic interests occurred immediately after the publication of the livestream, as evidenced by investor inquiries expressing concern about the allegations, postponement of scheduled financing discussions, and hesitation from municipal partners regarding ongoing redevelopment coordination. These disruptions were

the direct and foreseeable result of Defendants' false statements and would not have occurred absent Defendants' misconduct.

## COUNT I
## DEFAMATION PER SE

41. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

42. Defendants published multiple false statements of fact about Plaintiffs, including assertions that Plaintiffs were engaged in criminal conduct, corruption, fraud, kickback schemes, and other unethical or illegal business practices. These statements were disseminated through a publicly accessible YouTube livestream and were directed toward Illinois viewers and individuals with existing or prospective business relationships with Plaintiffs.

43. The statements published by Defendants are defamatory per se under Illinois law because they:

 a. Impute the commission of serious crimes;

 b. Accuse Plaintiffs of fraud, dishonesty, and professional misconduct; and

 c. Prejudice Plaintiffs in their trade, profession, and business.

44. Defendants' statements were presented as factual assertions, were false at the time they were made, and were published without privilege, justification, or lawful excuse.

45. Defendants acted with actual malice and/or reckless disregard for the truth, as they had no evidence supporting their allegations, failed to investigate the accuracy of their claims, and knowingly or recklessly published fabricated or misleading statements to maximize reputational harm.

46. Defendant Keller Williams Preferred Realty is vicariously liable for the defamatory conduct of its agent, Defendant Sinwelski, who acted within the scope of his agency and used his professional status as a licensed real estate agent to lend credibility to the defamatory statements.

47.     As a direct and proximate result of Defendants' defamatory publications, Plaintiffs suffered presumed damages, including severe reputational injury, loss of goodwill, diminished standing in the business community, and harm to their professional and economic interests. Plaintiffs also suffered actual damages, including emotional distress, disruption of business relationships, and financial losses.

## COUNT II
## FALSE LIGHT INVASION OF PRIVACY

48.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

49.     Defendants publicly disseminated statements that placed Plaintiffs in a false light before the public by portraying them as criminals, fraudsters, corrupt developers, and participants in kickback schemes, attributes that are highly offensive to a reasonable person and particularly damaging to individuals and entities engaged in real estate development and community investment.

50.     The false light created by Defendants' statements conveyed a false and misleading impression of Plaintiffs' character, integrity, and professional conduct, suggesting that Plaintiffs were dishonest, unethical, and engaged in unlawful business practices.

51.     Defendants acted with knowledge of the falsity of their statements or with reckless disregard for the truth. Defendant Sinwelski fabricated allegations without evidence, failed to investigate the accuracy of his claims, and intentionally framed his statements as factual assertions to maximize reputational harm. Defendant Keller Williams Preferred Realty is liable for the conduct of its agent acting within the scope of his professional capacity.

52.     Defendants' conduct would be highly offensive to a reasonable person in Plaintiffs' position, as it falsely attributed criminality, corruption, and unethical behavior to Plaintiffs in a manner designed to provoke public outrage and damage Plaintiffs' standing in the business

community.

53.     As a direct and proximate result of Defendants' false light publication, Plaintiffs suffered severe reputational harm, emotional distress, loss of goodwill, and economic damages, including disruption of business relationships and diminished confidence among investors, partners, and community stakeholders.

### COUNT III
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

54.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

55.     Plaintiffs maintained valid and identifiable business expectancies, including ongoing and prospective relationships with investors, contractors, municipal partners, community stakeholders, and other entities connected to the Turlington Homes development project in Harvey, Illinois. These expectancies involved reasonably certain future economic benefits.

56.     Defendants had knowledge of Plaintiffs' business relationships and economic expectancies. Defendant Sinwelski specifically referenced the Turlington Homes project, Plaintiffs' roles in the development, and the involvement of community partners, demonstrating awareness that Plaintiffs relied on public trust and professional credibility to advance the project.

57.     Defendants intentionally and unjustifiably interfered with Plaintiffs' business expectancies by publishing false statements accusing Plaintiffs of criminal conduct, corruption, fraud, and unethical business practices. Defendants' conduct was designed to undermine confidence in the project, deter investors and partners, and disrupt Plaintiffs' ability to secure ongoing and future business opportunities.

58.     Defendants' interference was without privilege or lawful justification. The defamatory statements were fabricated, unsupported by evidence, and motivated by malice, personal animus, or a desire to generate online engagement at Plaintiffs' expense. Defendant Keller

11

Williams Preferred Realty is vicariously liable for the conduct of its agent acting within the scope of his professional capacity.

59. As a direct and proximate result of Defendants' intentional interference, Plaintiffs suffered economic harm, including loss of business opportunities, investor hesitation, disruption of professional relationships, diminished goodwill, and financial damages associated with delays or obstacles to the Turlington Homes development project.

## PRAYER FOR RELIEF

60. **WHEREFORE,** for the foregoing reasons and pursuant to the Counts above, Plaintiffs, CHARLTON HOMES, INC., GLOBAL REAL ESTATE DEVELOPMENT, INC., DAVID HAISLIP, JOHN E. GROFF, and JEDIDIAH BROWN, demand judgment against Defendants, RYAN R. SINWELSKI and KELLER WILLIAMS PREFERRED REALTY, alleging as follows, and in the alternative, for alternative, for general, compensatory, and punitive damages, reasonable attorney's fees and costs of suit together with pre- and post-judgment interest as permitted by law, and any further relief which the court may deem equitable and just.

## JURY DEMAND

61. Plaintiff demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## CERTIFICATION

62. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

**LENTO LAW GROUP, P.C.**

Dated: <u>March 3, 2026</u>

_/s/ John Norkus_
JOHN NORKUS, ESQUIRE
180 N Stetson Ave., 35th Floor
Chicago, IL 60601
(T) 856.652.2000 x497
(F) 856.375.1010
John.norkus@llgnational.com
*Attorney for Plaintiffs*

13