**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| TURLINGTON HOMES, INC., *ET AL.*, ) <br> PLAINTIFFS, ) <br> V. ) <br> KELLER WILLIAMS PREFERRED REALTY, *ET AL.* ) <br> DEFENDANTS. ) | CASE NO. 1:26CV02390 |

**DEFENDANT KELLER WILLIAMS PREFERRED REALTY'S**
**ANSWER & AFFIRMATIVE DEFENSES**

Defendant Keller Williams Preferred Realty ("KWPR"), by and through its attorneys, Mazek Law Group, LLC, for its Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint"), states as follows: KWPR responds only to those allegations directed to it and to which a response is required. To the extent any allegation is directed solely to Defendant Ryan R. Sinwelski ("Sinwelski"), no response by KWPR is required. To the extent the Complaint contains legal conclusions, argument, characterizations, or allegations to which no response is required under the Federal Rules of Civil Procedure, no response is required; however, to the extent a response is deemed required, such allegations are denied. Except as expressly admitted herein, KWPR denies each and every allegation of the Complaint.

### INTRODUCTION

1. This is a civil action for defamation per se, false light invasion of privacy, and tortious interference with prospective economic advantage arising from knowingly false and malicious statements published by Defendant Ryan R. Sinwelski, a licensed Illinois real estate agent affiliated with Defendant Keller Williams Preferred Realty, concerning Plaintiffs' real estate development activities in Harvey, Illinois.

    **Answer:** KWPR admits only that Plaintiffs purport to assert claims for defamation per se, false light invasion of privacy, and tortious interference with prospective economic advantage. KWPR further admits that Ryan R. Sinwelski was, at one time, a licensed Illinois real estate agent. KWPR denies that Sinwelski was affiliated with, employed by, or acting on behalf of

1

KWPR at the time of the alleged conduct, and denies the remaining allegations contained in Paragraph 1.

2. On February 24, 2026, Defendant Sinwelski published a YouTube livestream in which he falsely accused Plaintiffs, business entities, and individuals associated with the Turlington Homes development project of criminal conduct, corruption, fraud, and unethical business practices. These statements were presented as factual assertions, made without evidence, and disseminated to viewers in Illinois and beyond."

   **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning the contents, publication, dissemination, or characterization of any alleged YouTube livestream by Defendant Sinwelski and therefore denies the same. KWPR further denies that any such alleged statements were made by or on behalf of KWPR, or within the scope of any agency, employment, or affiliation with KWPR.

3. Defendants' statements were made with actual malice, were widely circulated, and caused immediate and substantial harm to Plaintiffs' reputations, business relationships, and economic interests. Defendant Keller Williams Preferred Realty is liable for the conduct of its agent acting within the scope of his professional capacity and in violation of Illinois real estate professional-conduct standards.

   **Answer:** KWPR denies the allegations contained in Paragraph 3. Specifically, KWPR denies that it made any statements concerning Plaintiffs, denies that Sinwelski was acting as its agent or within the scope of any employment, agency, or professional capacity on behalf of KWPR at the time of the alleged conduct, and denies that KWPR is liable in any respect to Plaintiffs.

4. Plaintiffs bring this action to recover damages for the severe reputational, economic, and emotional harm caused by Defendants' defamatory and tortious conduct, and to obtain all other relief to which they are entitled under Illinois law.

   **Answer:** KWPR admits only that Plaintiffs purport to seek damages and other relief. KWPR denies that Plaintiffs are entitled to any relief from KWPR.

**JURISDICTION & VENUE**

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between all Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of Texas, Wyoming, and New Jersey, and Defendants are citizens of Illinois.

**Answer:** KWPR admits that Plaintiffs invoke this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). KWPR lacks sufficient knowledge or information to admit or deny the allegations regarding the citizenship of Plaintiffs and therefore denies the same. KWPR admits that it is an Illinois entity for purposes of this action. KWPR denies any allegation inconsistent with the Court's actual jurisdictional findings.

6. This Court has personal jurisdiction over Defendants because they reside in Illinois, conduct business in Illinois, and committed the tortious acts at issue within Illinois.

**Answer:** KWPR admits only that it conducts business in Illinois. KWPR denies that it committed any tortious act and denies any allegation inconsistent with the Court's actual determination regarding personal jurisdiction.

7. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 139l(b)(l)-(2) because Defendants reside in this District and a substantial part of the events giving rise to the claims occurred here. The defamat01y statements were created, published, and disseminated in this District; the Turlington Homes project is located in Harvey, Illinois; and Plaintiffs suffered reputational and economic harm in connection with their Illinois-based development activities.

**Answer:** KWPR admits that Plaintiffs purport to allege venue in this District pursuant to 28 U.S.C. § 1391(b)(1)–(2). KWPR further admits that it resides in this District for venue purposes and that the Turlington Homes project, as alleged, is located in Harvey, Illinois. KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning where any alleged defamatory statements were created, published, or disseminated, or the nature and extent of Plaintiffs' alleged harm, and therefore denies the

same. To the extent Paragraph 7 states legal conclusions regarding venue, no response is required; however, to the extent a response is deemed required, such allegations are denied.

**PARTIES**

8. At all times relevant hereto, Plaintiff TURLINGTON HOMES, INC. is a corporation organized under the laws of Illinois with its principal place of business in Park Ridge, IL.

   **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies the same.

9. At all times relevant hereto, Plaintiff GLOBAL REAL ESTATE DEVELOPMENT, INC. is a corporation organized under the laws of Wyoming with its principal place of business at 30 N. Gould Street, Suite R, Sheridan, WY 82801.

   **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the same.

10. At all times relevant hereto, Plaintiff JOHN GROFF is, upon information and belief, an adult resident citizen of the County of Camden, State of New Jersey.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the same.

11. At all times relevant hereto, Plaintiff DAVID HAISLIP is, upon information and belief, an adult resident citizen of the County of Camden, State of New Jersey.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same

12. At all times relevant hereto, Plaintiff JEDIDIAH BROWN is, upon information and belief, an adult resident citizen of the County of Dallas, State of Texas.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13. At all times relevant hereto, Defendant RYAN R. SINWELSKI is, upon information and belief, an adult resident of the State of Illinois, with an employment address for service of process believed to be 16101 108th Ave, Floor 2, Orland Park, IL 60467.

   **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning Defendant Ryan R. Sinwelski's residence and therefore denies the same. KWPR further denies that Defendant Sinwelski maintained an employment relationship with KWPR at the time of the alleged incident.

14. At all times relevant hereto, Defendant KELLER WILLIAMS PREFERRED REALTY is an Illinois real estate brokerage with its principal office located at 16101 108th Ave, Floor 2, Orland Park, IL 60467.

   **Answer:** KWPR admits that it is an Illinois real estate brokerage and that its principal office is located at 16101 108th Ave, Floor 2, Orland Park, Illinois 60467

15. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave from the Court to amend this Complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

   **Answer:** KWPR admits only that Paragraph 15 purports to reserve Plaintiffs' right to seek leave to amend their Complaint. To the extent Paragraph 15 states a legal conclusion or seeks no response under the Federal Rules of Civil Procedure, no response is required. To the extent a response is deemed required, KWPR denies the same

**FACTUAL BACKGROUND**

17. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

   **Answer:** KWPR incorporates by reference its responses to all preceding paragraphs of the Complaint as though fully set forth herein

18. Plaintiffs are developers, business entities, and individuals associated with the Turlington Homes residential development project located in Harvey, Illinois. Plaintiffs' business operations, reputations, and professional relationships depend heavily on public trust, investor confidence, and accurate information regarding the project.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the same.

19. Plaintiffs have longstanding reputations as legitimate developers and community stakeholders, and their professional success depends on maintaining credibility with investors, municipal partners, and the public.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies the same.

20. The Turlington Homes project is a community-building residential redevelopment initiative undertaken in partnership with the City of Harvey, designed to revitalize distressed neighborhoods, attract new homeowners, and promote long-term economic stability. The project depends on public trust, municipal cooperation, investor confidence, and community support, making Plaintiffs' reputations central to its success.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies the same.

21. On February 24, 2026, Defendant Ryan R. Sinwelski, a licensed Illinois real estate agent operating a YouTube channel under the name 'Ryan's Gay Chicago,' published a livestream titled 'Turlington Homes Scam 'breaks ground' in Harvey.' The livestream was publicly accessible and directed toward Illinois viewers, including individuals and entities with existing or prospective business relationships with Plaintiffs.

    **Answer:** KWPR admits only that Defendant Sinwelski was, at one time, a licensed Illinois real estate agent. KWPR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 21, including but not limited to the existence, title, content, accessibility, or intended audience of any alleged livestream, and therefore denies the same. KWPR further denies that Defendant Sinwelski was affiliated with, employed by, or acting on behalf of KWPR at the time of the alleged conduct.

22. During the livestream, Defendant made a series of false, defamatory, and malicious factual assertions, including but not limited to:
a. Calling the development a 'scam,' 'fraud,' and 'kickback scheme.'
b. Claiming Plaintiffs were 'crooks,' 'scammers,' or otherwise engaged in criminal conduct.
c. Accusing Plaintiffs of using 'outside contractors to get kickbacks.'
d. Stating that the groundbreaking ceremony was illegitimate or staged for deceptive purposes.
e. Claiming individuals present at the groundbreaking were 'one of Jed's bullies,' implying misconduct or intimidation.
f. Repeatedly suggesting Plaintiffs were engaged in unethical, corrupt, or fraudulent business practices.

**Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22, including the content, context, or characterization of any alleged statements made by Defendant Sinwelski, and therefore denies the same. KWPR further denies that any such alleged statements were made by, authorized by, ratified by, or otherwise attributable to KWPR.

23. These statements were conveyed as statements of fact, not opinion, and were presented with the authority of a licensed real estate professional purporting to speak knowledgeably about Illinois real estate practices and development projects.

**Answer:** KWPR denies the allegations contained in Paragraph 23. KWPR further denies that Defendant Sinwelski was acting with any authority, actual or apparent, on behalf of KWPR at the time of the alleged conduct.

24. Defendant had no evidence to support any of the statements made during the livestream. The allegations were fabricated, speculative, or based on rumor, and were made without any attempt to verify their accuracy.

**Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning Defendant Sinwelski's knowledge, intent, investigation, or evidentiary basis for any alleged statements, and therefore denies the same.

25. Each of the statements made by Defendant Sinwelski was objectively false and capable of being proven false. Plaintiffs have never engaged in criminal conduct, fraud, kickback schemes, or any unethical business practices, nor have they used outside contractors for improper financial gain. The groundbreaking ceremony for the Turlington Homes project was

legitimate, authorized, and conducted in coordination with municipal officials. Defendant's statements were not expressions of opinion or rhetorical hyperbole but were presented as verifiable factual assertions.

**Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies the same.

26. Defendant acted with actual malice and/or reckless disregard for the truth, as evidenced by:
    a. His failure to investigate the project or contact Plaintiffs;
    b. His reliance on speculation and inflammatory rhetoric;
    c. His intent to provoke public hostility and generate online engagement; and
    d. His knowledge that the statements would foreseeably harm Plaintiffs' reputations and business interests.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning Defendant Sinwelski's intent, knowledge, motive, mental state, or state of mind, and therefore denies the same.

27. Defendant Sinwelski was aware that the Turlington Homes project was a publicly supported redevelopment effort and that his statements would undermine community confidence, deter investors, and disrupt Plaintiffs' municipal partnerships. His publication was calculated to generate controversy and reputational harm.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning Defendant Sinwelski's awareness, intent, or purpose, and therefore denies the same.

28. Defendant's livestream was viewed by more than 200 individuals during its initial broadcast and has continued to circulate online, reaching viewers in Illinois and other states. The publication foreseeably caused reputational and economic harm in the jurisdictions where Plaintiffs conduct business.

    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, including the number of viewers, circulation, reach, or alleged impact of any publication, and therefore denies the same.

29. Defendants knew or should have known that their statements would cause substantial harm to Plaintiffs located in Michigan, where several Plaintiffs reside and conduct business, and where the reputational and economic injuries were directly felt.

**Answer:** KWPR denies the allegations contained in Paragraph 29. KWPR further states that Paragraph 29 appears inconsistent with Plaintiffs' prior jurisdictional allegations and, to the extent a response is required, denies the same.

30. The livestream remains publicly accessible online, where it continues to generate views and comments, causing ongoing and compounding reputational and economic harm to Plaintiffs.

**Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies the same.

31. Defendant Keller Williams Preferred Realty is responsible for supervising the professional conduct of its licensed agents, including Defendant Sinwelski. At all relevant times, Defendant Sinwelski identified himself publicly as a Keller Williams agent, used his professional status to lend credibility to his statements, and acted within the scope of his agency relationship."

**Answer:** KWPR admits that, generally, a real estate brokerage supervises the professional conduct of its affiliated licensees as required by applicable law. KWPR denies that Defendant Sinwelski was an affiliated licensee, agent, employee, or representative of KWPR at the time of the alleged conduct, denies that he acted within the scope of any agency relationship with KWPR, and denies the remaining allegations contained in Paragraph 31.

32. Defendant Sinwelski repeatedly invoked his status as a licensed Illinois real estate agent to lend credibility to his statements, creating the false impression that his accusations were based on professional knowledge or industry insight. This misuse of professional authority substantially increased the perceived reliability and impact of the defamatory statements.

**Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore denies the same. KWPR further denies that Defendant Sinwelski acted with any authority from or on behalf of KWPR.

33. Defendant Sinwelski's conduct violated Illinois real estate professional-conduct standards, including prohibitions on making false or misleading public statements about real estate developments, market conditions, or industry participants. His misuse of his professional license amplified the credibility, reach, and resulting harm of the defamatory statements.

**Answer:** KWPR denies the allegations contained in Paragraph 33. To the extent Paragraph 33 states legal conclusions, no response is required; however, to the extent a response is deemed required, such allegations are denied.

34. Keller Williams Preferred Realty had a duty to supervise its agents' public communications, particularly those involving real estate developments and market conditions. Its failure to prevent or correct Defendant Sinwelski's misconduct contributed to the scope and severity of the harm suffered by Plaintiffs.

    **Answer:** KWPR denies the allegations contained in Paragraph 34. KWPR specifically denies that Defendant Sinwelski was its agent at the time of the alleged conduct, denies that it owed any duty to supervise the alleged conduct at issue, and denies that any act or omission by KWPR caused or contributed to any alleged harm suffered by Plaintiffs.

35. At all relevant times, Defendant Sinwelski acted within the scope of his agency with Keller Williams Preferred Realty by invoking his professional licensure, presenting himself as a real estate expert, and using his affiliation with the brokerage to lend credibility to his statements. His conduct was enabled by his position as a licensed agent, and the defamatory statements concerned matters directly related to real estate development and market conditions, falling squarely within the scope of activities Keller Williams Preferred Realty had a duty to supervise.

    **Answer:** KWPR denies the allegations contained in Paragraph 35. KWPR specifically denies that Defendant Sinwelski was acting within the scope of any employment, agency, sponsorship, affiliation, actual authority, or apparent authority on behalf of KWPR at the time of the alleged conduct.

36. Plaintiffs' business expectancies included ongoing negotiations with investors, contractors, municipal officials, and community organizations involved in the redevelopment effort. Several stakeholders expressed concern or hesitation following Defendants' publication, directly impacting Plaintiffs' ability to advance the Turlington Homes project."
    **Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies the same.

37. Plaintiffs' business expectancies included specific, ongoing discussions with prospective investors, construction partners, and community-development organizations who had expressed interest in participating in or supporting the Turlington Homes project. These parties relied on Plaintiffs' professional reputations and the integrity of the project, and several of them delayed or suspended engagement with Plaintiffs following Defendants' publication of the defamatory statements.

10

**Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of

the allegations contained in Paragraph 37 and therefore denies the same.

38. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered significant reputational harm, emotional distress, loss of business opportunities, investor hesitation, and economic damages, including but not limited to diminished goodwill, disrupted relationships with community stakeholders, and financial losses tied to the Turlington Homes project.

   **Answer:** KWPR denies the allegations contained in Paragraph 38.

39. Plaintiffs' damages include, but are not limited to, lost investor commitments, delays in project financing, increased costs associated with reputational repair, diminished goodwill with municipal partners, and lost opportunities for expansion of the Turlington Homes project.

   **Answer:** KWPR denies the allegations contained in Paragraph 39.

40. The harm to Plaintiffs' business relationships and economic interests occurred immediately after the publication of the livestream, as evidenced by investor inquiries expressing concern about the allegations, postponement of scheduled financing discussions, and hesitation from municipal partners regarding ongoing redevelopment coordination. These disruptions were the direct and foreseeable result of Defendants' false statements and would not have occurred absent Defendants' misconduct.

   **Answer:** KWPR denies the allegations contained in Paragraph 40

## COUNT I
### DEFAMATION PER SE

41. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

   **Answer:** KWPR incorporates by reference its responses to all preceding paragraphs of the

   Complaint as though fully set forth herein.

42. Defendants published multiple false statements of fact about Plaintiffs, including assertions that Plaintiffs were engaged in criminal conduct, corruption, fraud, kickback schemes, and other unethical or illegal business practices. These statements were disseminated through a publicly accessible YouTube livestream and were directed toward Illinois viewers and individuals with existing or prospective business relationships with Plaintiffs.

   **Answer:** KWPR denies the allegations contained in Paragraph 42. KWPR further denies that

   it published any statements concerning Plaintiffs, and denies that any alleged statements by

11

Defendant Sinwelski were made by, authorized by, ratified by, or otherwise attributable to KWPR.

43. The statements published by Defendants are defamatory per se under Illinois law because they:
a. Impute the commission of serious crimes;
b. Accuse Plaintiffs of fraud, dishonesty, and professional misconduct; and
c. Prejudice Plaintiffs in their trade, profession, and business."

**Answer:** KWPR denies the allegations contained in Paragraph 43. To the extent Paragraph 43 states legal conclusions, no response is required; however, to the extent a response is deemed required, such allegations are denied.

44. Defendants' statements were presented as factual assertions, were false at the time they were made, and were published without privilege, justification, or lawful excuse.

**Answer:** KWPR denies the allegations contained in Paragraph 44.

45. Defendants acted with actual malice and/or reckless disregard for the truth, as they had no evidence supporting their allegations, failed to investigate the accuracy of their claims, and knowingly or recklessly published fabricated or misleading statements to maximize reputational harm."

**Answer:** KWPR denies the allegations contained in Paragraph 45.

46. Defendant Keller Williams Preferred Realty is vicariously liable for the defamatory conduct of its agent, Defendant Sinwelski, who acted within the scope of his agency and used his professional status as a licensed real estate agent to lend credibility to the defamatory statements.

**Answer:** KWPR denies the allegations contained in Paragraph 46. KWPR specifically denies that Defendant Sinwelski was its agent, employee, affiliated licensee, or representative at the time of the alleged conduct, and further denies that he acted within the scope of any agency, employment, sponsorship, affiliation, actual authority, or apparent authority on behalf of KWPR.

47. As a direct and proximate result of Defendants' defamatory publications, Plaintiffs suffered presumed damages, including severe reputational injury, loss of goodwill, diminished standing in the business community, and harm to their professional and economic interests. Plaintiffs also suffered actual damages, including emotional distress, disruption of business relationships, and financial losses.

**Answer:** KWPR denies the allegations contained in Paragraph 47.

**COUNT II**
**FALSE LIGHT INVASION OF PRIVACY**

48. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

    **Answer:** KWPR incorporates by reference its responses to all preceding paragraphs of the

    Complaint as though fully set forth herein.

49. Defendants publicly disseminated statements that placed Plaintiffs in a false light before the public by portraying them as criminals, fraudsters, corrupt developers, and participants in kickback schemes, attributes that are highly offensive to a reasonable person and particularly damaging to individuals and entities engaged in real estate development and community investment.

    **Answer:** KWPR denies the allegations contained in Paragraph 49.

50. The false light created by Defendants' statements conveyed a false and misleading impression of Plaintiffs' character, integrity, and professional conduct, suggesting that Plaintiffs were dishonest, unethical, and engaged in unlawful business practices.

    **Answer:** KWPR denies the allegations contained in Paragraph 50.

51. Defendants acted with knowledge of the falsity of their statements or with reckless disregard for the truth. Defendant Sinwelski fabricated allegations without evidence, failed to investigate the accuracy of his claims, and intentionally framed his statements as factual assertions to maximize reputational harm. Defendant Keller Williams Preferred Realty is liable for the conduct of its agent acting within the scope of his professional capacity.

    **Answer:** KWPR denies the allegations contained in Paragraph 51. KWPR specifically denies

    that Defendant Sinwelski was acting as its agent or within the scope of any professional

    capacity on behalf of KWPR at the time of the alleged conduct.

52. Defendants' conduct would be highly offensive to a reasonable person in Plaintiffs' position, as it falsely attributed criminality, corruption, and unethical behavior to Plaintiffs in a manner designed to provoke public outrage and damage Plaintiffs' standing in the business community.

    **Answer:** KWPR denies the allegations contained in Paragraph 52.

13

53. As a direct and proximate result of Defendants' false light publication, Plaintiffs suffered severe reputational harm, emotional distress, loss of goodwill, and economic damages, including disruption of business relationships and diminished confidence among investors, partners, and community stakeholders.

**Answer:** KWPR denies the allegations contained in Paragraph 53.

**COUNT III**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

54. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

**Answer:** KWPR incorporates by reference its responses to all preceding paragraphs of the

Complaint as though fully set forth herein.

55. Plaintiffs maintained valid and identifiable business expectancies, including ongoing and prospective relationships with investors, contractors, municipal partners, community stakeholders, and other entities connected to the Turlington Homes development project in Harvey, Illinois. These expectancies involved reasonably certain future economic benefits.

**Answer:** KWPR lacks sufficient knowledge or information to form a belief as to the truth of

the allegations contained in Paragraph 55 and therefore denies the same.

56. Defendants had knowledge of Plaintiffs' business relationships and economic expectancies. Defendant Sinwelski specifically referenced the Turlington Homes project, Plaintiffs' roles in the development, and the involvement of community partners, demonstrating awareness that Plaintiffs relied on public trust and professional credibility to advance the project.

**Answer:** KWPR denies the allegations contained in Paragraph 56.

57. Defendants intentionally and unjustifiably interfered with Plaintiffs' business expectancies by publishing false statements accusing Plaintiffs of criminal conduct, corruption, fraud, and unethical business practices. Defendants' conduct was designed to undermine confidence in the project, deter investors and partners, and disrupt Plaintiffs' ability to secure ongoing and future business opportunities.

**Answer:** KWPR denies the allegations contained in Paragraph 57.

58. Defendants' interference was without privilege or lawful justification. The defamatory statements were fabricated, unsupported by evidence, and motivated by malice, personal animus, or a desire to generate online engagement at Plaintiffs' expense. Defendant Keller

Williams Preferred Realty is vicariously liable for the conduct of its agent acting within the scope of his professional capacity.

**Answer:** KWPR denies the allegations contained in Paragraph 58. KWPR specifically denies that Defendant Sinwelski was its agent or acted within the scope of any professional capacity on behalf of KWPR at the time of the alleged conduct.

59. As a direct and proximate result of Defendants' intentional interference, Plaintiffs suffered economic harm, including loss of business opportunities, investor hesitation, disruption of professional relationships, diminished goodwill, and financial damages associated with delays or obstacles to the Turlington Homes development project.

**Answer:** KWPR denies the allegations contained in Paragraph 59.

### FIRST AFFIRMATIVE DEFENSE: NO EMPLOYMENT/AGENCY RELATIONSHIP AT TIME OF ALLEGED TORT

1. KWPR asserts, as an affirmative defense, that it cannot be held vicariously liable for any alleged tortious conduct by Sinwelski on February 24, 2026.

2. Vicarious liability applies only when an agent or employee commits a tort within the scope of employment or agency; it is not a standalone cause of action. *Gaston v. Ghosh*, 920 F.3d 493 (7th Cir. 2019).

3. At the time of the alleged conduct, Sinwelski was neither employed by, sponsored by, nor acting as an agent of KWPR. KWPR's records show that Sinwelski's sponsorship ended June 30, 2025, his employment terminated on August 11, 2025, and his system access was removed on that same day.

4. Because no employment or agency relationship existed at the time of the alleged conduct, the threshold requirement for vicarious liability is absent.

5. Accordingly, KWPR cannot be held liable for any actions alleged to have been taken by Sinwelski, and any such liability, if any, is solely personal to him.

## SECOND AFFIRMATIVE DEFENSE:
## CONDUCT OUTSIDE THE SCOPE OF EMPLOYMENT / AGENCY

6. KWPR asserts, as an affirmative defense, that even if some prior employment or agency relationship with Sinwelski existed, the alleged February 24, 2026, livestream falls outside the scope of any such relationship.

7. Under Illinois law, scope-of-employment analysis, as articulated in decisions applying Restatement (Second) of Agency § 228, considers whether the conduct (1) is of the kind the employee was employed to perform, (2) occurred substantially within authorized time and space limits, and (3) was actuated at least in part by a purpose to serve the employer; failure on any one factor places the conduct outside the scope. *Shockley v. Svoboda*, 342 F.3d 736 (7th Cir. 2003).

8. Illinois courts recognize that an employer is not liable where the employee's acts were committed solely for the employee's own benefit, and that merely having an employment relationship that provides an opportunity for misconduct does not, by itself, bring the conduct within the scope. *Richards v. United States Steel*, 869 F.3d 557 (7th Cir. 2017).

9. Here, the livestream was published on Sinwelski's personal YouTube channel ("Ryan's Gay Chicago") and was not motivated, even in part, by serving KWPR's interests.

10. Those allegations directly negate the "purpose to serve the employer" element necessary under Illinois law.

11. In addition, a personal livestream on a personal channel is not the kind of conduct Sinwelski was employed to perform for KWPR and does not occur within authorized time or space limits of KWPR's business, reinforcing that the alleged conduct is "different in kind" and "too little actuated" by any employer-serving purpose.

12. Anticipating the Plaintiff's likely argument that Sinwelski's prior affiliation gave him a platform or credibility, KWPR relies on the principle that opportunity created by employment is not sufficient to establish scope where the conduct is personal and not in furtherance of the employer's interests.

13. Accordingly, even assuming a prior employment or agency relationship existed, the alleged livestream was personal in nature and not motivated by any purpose to serve KWPR, and thus falls outside the scope of employment or agency, defeating any claim of vicarious liability under respondeat superior.

### THIRD AFFIRMATIVE DEFENSE: NO VICARIOUS LIABILITY FOR PERSONAL ACTS

14. KWPR asserts, as an affirmative defense, that it cannot be held vicariously liable for any alleged conduct by Sinwelski because the livestream at issue was a personal act, not conduct undertaken to further Keller Williams' business.

15. Vicarious liability, while strict in the sense that it does not depend on the employer's personal fault, still requires proof that the employee committed a tort while acting within the scope of employment. *Gaston v. Ghosh*, 920 F.3d 493 (7th Cir. 2019).

16. Under Illinois scope-of-employment principles, an employer is not liable for acts committed solely for the employee's own benefit, and personal-motive misconduct generally falls outside the scope even if employment provided the opportunity. *Richards v. United States Steel*, 869 F.3d 557 (7th Cir. 2017).

17. The livestream was published on Sinwelski's personal YouTube channel and was not motivated, even in part, by serving KWPR's interests.

18. If the trier of fact accepts those allegations, the conduct is personal in nature and not undertaken to further KWPR's business, defeating the necessary scope-of-employment predicate for vicarious liability.

19. This also addresses any theory that attempts to impose liability based solely on past association: Illinois scope-of-employment doctrine requires an employer-serving purpose, not merely a historical relationship or incidental connection.

20. Accordingly, personal acts not undertaken to serve the employer fall outside the scope of employment, and KWPR cannot be held vicariously liable.

## FOURTH AFFIRMATIVE DEFENSE: PRESERVATION OF DEFENSES / RULE 8(C) COMPLIANCE

21. KWPR asserts, as an affirmative defense, that it pleads the foregoing and all other applicable defenses to avoid waiver and preserve its rights under Federal Rule of Civil Procedure 8(c).

22. Rule 8(c) requires that a party responding to a pleading affirmatively state any avoidance or affirmative defense. *USCS Fed Rules Civ Proc R 8*.

23. By pleading these defenses affirmatively, KWPR preserves all defenses under Rule 8(c) and ensures that the plaintiff has notice of these defenses at the outset, thereby avoiding any risk that a court could deem them waived as untimely.

## PRAYER FOR RELIEF

Defendant Keller Williams Preferred Realty respectfully requests that judgment be entered in its favor as an order providing substantially as follows:

a. All claims against Keller Williams Preferred Realty are dismissed with prejudice;
b. Keller Williams Preferred Realty is awarded its costs in defending against Plaintiffs' claims; and
c. Such other relief as the Court deems just and proper.

Respectfully Submitted,
/s/ Michael Mazek /s/
Attorney for KWPR

Michael Mazek
ARDC 6288394
3805 N Lincoln Ave
Chicago, IL 60613
773-800-0141
michael@mazeklaw.com

Date: April 7, 2026