**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

TURLINGTON HOMES, INC., *ET AL.*, )
    PLAINTIFFS, )
    V. )      CASE NO. 1:26CV02390
KELLER WILLIAMS PREFERRED REALTY, *ET AL.* )
    DEFENDANTS. )

**DEFENDANT KELLER WILLIAMS PREFERRED REALTY'S**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendant Keller Williams Preferred Realty ("KWPR"), by and through its attorneys, Mazek Law Group, respectfully moves this Court to dismiss all claims asserted against it in Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

1. Plaintiffs' claims, Count I (Defamation Per Se), Count II (False Light Invasion of Privacy), and Count III (Tortious Interference with Prospective Economic Advantage), are all premised on vicarious liability under the doctrine of respondeat superior.

2. However, KWPR cannot be held liable for the alleged conduct of Defendant Ryan R. Sinwelski because, as a matter of law, no employment or agency relationship existed between KWPR and Sinwelski at the time of the alleged incident.

3. KWPR terminated its relationship with Sinwelski on August 11, 2025, approximately 6.5 months before the February 24, 2026 YouTube livestream at issue.

4. Moreover, the livestream was a personal act outside the scope of any employment or agency relationship.

5. For these reasons, Plaintiffs' claims against KWPR fail as a matter of law and must be dismissed with prejudice.

1

**FACTUAL BACKGROUND**

6. Plaintiffs filed this action asserting claims for defamation per se, false light invasion of privacy, and tortious interference with prospective economic advantage, all arising from a February 24, 2026 YouTube livestream published by Defendant Ryan R. Sinwelski.

7. Plaintiffs allege that Sinwelski made false and defamatory statements about Plaintiffs' real estate development activities in Harvey, Illinois, and that KWPR is vicariously liable for Sinwelski's conduct under the doctrine of respondeat superior.

8. KWPR terminated its sponsorship and employment relationship with Sinwelski on August 11, 2025. On that date, KWPR also removed Sinwelski's system access, ending any affiliation between KWPR and Sinwelski.

9. The alleged livestream occurred on February 24, 2026, approximately 6.5 months after KWPR's relationship with Sinwelski ended.

10. The livestream was published on Sinwelski's personal YouTube channel, "Ryan's Gay Chicago," and was not authorized, directed, or ratified by KWPR.

11. On April 16, 2026, KWPR through its respective counsel sent documentation supporting its Answer and Affirmative Defense to Plaintiffs' counsel.

12. On April 17, 2026, the parties had a conference call to discuss KWPR's position and Ryan Sinwelski's employment status at the time of the livestream.

13. On May 12, 2026, KWPR through its counsel, requested an update on the voluntary dismissal of KWPR due to lack of standing and to date has not received a response.

**LEGAL STANDARD**

14. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

15. A claim is facially plausible only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

16. Legal conclusions and conclusory allegations are not entitled to the assumption of truth. *Id.* at 678–79.

## ARGUMENT

**KWPR Cannot Be Held Vicariously Liable Because No Employment or Agency Relationship Existed at the Time of the Alleged Conduct.**

17. Under Illinois law, vicarious liability under the doctrine of respondeat superior applies only when an employee or agent commits a tort within the scope of their employment or agency. *Gaston v. Ghosh*, 920 F.3d 493, 496 (7th Cir. 2019).

18. A threshold requirement for vicarious liability is the existence of an employment or agency relationship at the time of the alleged conduct.

19. Here, KWPR terminated its sponsorship and employment relationship with Sinwelski on August 11, 2025.

20. Plaintiffs' Complaint acknowledges that the alleged defamatory statements were made during a YouTube livestream on February 24, 2026—approximately 6.5 months after KWPR's relationship with Sinwelski ended.

21. Because no employment or agency relationship existed at the time of the alleged conduct, KWPR cannot be held vicariously liable as a matter of law.

3

**The Alleged Livestream Was a Personal Act Outside the Scope of Employment or Agency.**

22. Even if an employment or agency relationship had existed at the time of the alleged conduct (which it did not), KWPR cannot be held liable because the alleged livestream was a personal act outside the scope of any employment or agency relationship.

23. Under Illinois law, conduct falls within the scope of employment only if: (1) it is of the kind the employee was employed to perform; (2) it occurs substantially within authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the employer. *Shockley v. Svoboda*, 342 F.3d 736, 742 (7th Cir. 2003).

24. Conduct undertaken solely for the employee's personal benefit or motivated by personal animus falls outside the scope of employment. *Richards v. United States Steel*, 869 F.3d 557, 564 (7th Cir. 2017).

25. The alleged livestream was published on Sinwelski's personal YouTube channel, "Ryan's Gay Chicago," and was not authorized, directed, or ratified by KWPR.

26. Plaintiffs do not allege that the livestream was related to any duties Sinwelski performed for KWPR or that it was motivated by a purpose to serve KWPR.

27. To the contrary, the livestream was a personal act undertaken for Sinwelski's own purposes, placing it squarely outside the scope of any employment or agency relationship.

**Plaintiffs' Claims Against KWPR Fail as a Matter of Law.**

28. Because Plaintiffs' claims against KWPR are premised entirely on vicarious liability under the doctrine of respondeat superior, and because no employment or agency relationship existed at the time of the alleged conduct and the alleged conduct was outside the scope of any such relationship, Plaintiffs' claims against KWPR fail as a matter of law and must be dismissed with prejudice.

4

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Defendant Keller Williams Preferred Realty respectfully requests that this Court:

1. Dismiss all claims against Keller Williams Preferred Realty with prejudice;

2. Award Keller Williams Preferred Realty its costs in defending against Plaintiffs' claims; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,
/s/ Michael Mazek /s/
Attorney for KWPR

Michael Mazek
ARDC 6288394
3805 N Lincoln Ave
Chicago, IL 60613
773-800-0141
michael@mazeklaw.com                                        Date: June 1, 2026