# UNITED STATES DISTRICT COURT

for the

### Northern District of Illinois- Eastern Division

| | | |
|---|---|---|
| TURLINGTON HOMES, INC., GLOBAL REAL ESTATE DEVELOPMENT, INC., DAVID HAISLIP, JOHN E. GROFF, and JEDIDIAH BROWN, *Plaintiffs,* | ) ) ) ) ) ) ) ) | Case No. 1:26-cv-02390 |
| -v- | ) ) | **COMPLAINT AND JURY DEMAND** |
| RYAN R. SINWELSKI and KELLER WILLIAMS PREFERRED REALTY, *Defendants.* | ) ) ) ) ) | |

### STATUS REPORT

Plaintiffs, by and through the undersigned counsel, Defendant Keller Williams Preferred Realty, by and through its undersigned counsel, and Pro Se Defendant Ryan R Sinwelski submit this Joint Status Report regarding the current posture of the matter.

**1.      Filing of Complaint**

Plaintiff initiated this action by filing the Complaint on 3-3-2026, asserting claims against Defendants, Ryan Sinwelski ("SINWELSKI") and Keller Wiliams Preferred Realty ("KWPR").

**2.      Service of Process**

Defendant KWPR has been duly served with process and proof of service has been filed with the court.

Defendant SINWELSKI has been served and filed his Pro Se appearance in the matter.

**3.      Pending Motions**

Defendant KWPR filed a motion to dismiss on June 10, 2026. That motion was given a briefing schedule by this Court.

SINWELSKI filed a motion to dismiss on June 6, 2026. That motion was giving a briefing schedule by this court.

**4.      Plaintiff's Position regarding Defendant KWPR**

Plaintiff does not intend to contest Defendant KWPR's Motion to Dismiss. Based on the information presently available, Plaintiff understands that defendant Ryan Sinwelski was not employed by, acting on behalf of, or otherwise affiliated with Defendant KWPR at the time of the events giving rise to Plaintiff's claims.

Accordingly, Plaintiff does not oppose dismissal of Defendant KWPR. The parties may submit an agreed order or stipulation of dismissal as to Defendant KWPR if the Cour prefers.

Plaintiff's non-opposition to dismissal of KWRP is based solely on Defendant Sinwelski's lack of employment or agency relationship with that entity at the relevant time and should not be construed as a concession regarding Plaintiff's claims against Defendant Sinwelski.

**5.      Plaintiff's Position Regarding Defendant Ryan Sinwelski**

Plaintiff does opposed Defendant Sinwelski's Motion to Dismiss and intends to filea response in accordance with the previously set briefing schedule set by the Court.

Plaintiff maintains that the Complaint states viable claims against Defendant Sinwelski and that dismissal of those claims is not warranted at the pleading state.

**6.      Defendants' Position**

Defendants maintain that their respective Motions to Dismiss are well founded and should be granted for the reasons stated in their motions. Defendant KWRP notes that Paintiff does not oppose dismissal as to it. Defendant Sinwelski stands on his Motion to Dismiss and in any reply he files in support of dismissal.

Defendant Sinwelski maintains that the Complaint fails as a matter of law, that Plaintiffs' corporate counsel lacks the legal capacity to file pleadings or practice law under Illinois Supreme Court Rule 721, and that his digital public commentary is fully protected by the First Amendment and the Illinois Citizen Participation Act (Anti-SLAPP) as pure opinion and protected investigative speech on matters of public concern.

**7.      Discovery and Case Management**

Because dispositive motions are currently pending, the parties have not yet conducted a Rule 26(f) conference or commenced discovery. The parties respectfully request that the Court

defer entry of a discovery schedule until after resolution of the pending motions, or alternatively until after the pleadings are settled.

If the Court prefers that the Parties proceed with a Rule 26(f) conference notwithstanding the pending motions, the parties are prepared to do so and submit a proposed discovery plan by a date set by the Court.

**8.      Settlement**

The parties have not yet engaged in formal settlement discussions. The parties are willing to discuss settlement at an appropriate time, including after the pleadings are resolved upon direction from the Court.

**9.      Relief Requested**

The parties respectfully request that the Court:

1. Enter an appropriate order dismissing Defendant KWPR whether by agreed order, stipulation, or as an unopposed motion.
2. Defer entry of a discovery schedule until after resolution of the pending motions unless the Court directs otherwise.

Respectfully Submitted,

**LLG National Law Group**

Dated: June 19, 2026

 _/s/ John Norkus_____
JOHN NORKUS
180 N Stetson Ave., 35th Floor
Chicago, IL 60601
(T) 856.652.2000 x497
(F) 856.375.1010
John.norkus@llgnational.com
*Attorney for Plaintiffs*

Defendant Keller Williams Preferred Realty
/s/

Defendant Ryan Sinwelski
/s/